Per Curiam.

This is an action in prohibition instituted in the Court of Appeals for Hamilton County, wherein David King, relator, seeks a writ of prohibition against Raymond E. Shannon, Presiding Judge of the Cincinnati Municipal Court, respondent, to prevent the carrying into execution of the sentence imposed on relator after he was charged, tried and found guilty in the Municipal Court of a violation of Section 90143 of the Code of Ordinances of the City of Cincinnati. The Court of Appeals dismissed the petition, and the cause is now in this court for determination on an appeal as of right.
Section 90143 reads as follows:
“Whoever shall print, engrave, sell, offer for sale, give away, exhibit or publish, or exhibit as for sale or other purpose *394 or have in his possession or under his control, any obscene, lewd, lascivious, indecent, or immodest book, pamphlet, paper, image, cast, statuary, drawing or representation, or any other article of an indecent or immoral nature, or book, paper, print, circular or writing made up principally of pictures or stories of immodest deeds, lust or crime, or shall exhibit upon the public street or highway, any of the articles or papers, prints, publications, as aforesaid, within the view of passerby upon said street or highway, shall be fined not more than one hundred ($100) dollars, or imprisoned not more than sixty (60) days, or both.”
Relator was sentenced to 60 days in jail and fined $100. He thereupon appealed to the Court of Common Pleas where the judgment below was affirmed. On appeal to the Court of Appeals, the judgment of the Court of Common Pleas was affirmed, and relator then filed a motion to certify the record and an appeal as of right in this court where for the first time the constitutionality of the Cincinnati ordinance under which he was convicted was challenged. His motion to certify was overruled and his appeal as of right dismissed “for the reason that no constitutional question was raised in the lower courts.” (169 Ohio St., 107, 157 N. E. [2d], 431.)
It is an established rule of long standing in this state that a constitutional question, either in a civil or criminal action, can not be raised in the Supreme Court unless it was presented and urged in the courts below. Hoffman v. Staley, 92 Ohio St., 505, 112 N. E., 1084; Cuthbertson v. State, 106 Ohio St., 658, 140 N. E., 941; Zimmerman v. Morris Plan Bank of Cleveland, 113 Ohio St., 703, 150 N. E., 920; and Village of Clarington v. Althar, 122 Ohio St., 608, 174 N. E., 251.
And the general rule is that the “validity of a municipal ordinance can not be questioned on review unless first attacked in the court below.” 24 Corpus Juris Secundum, 312, Criminal Law, Section 1676.
In this prohibition action, relator contends that Section 901-Í3 of the ordinances, not requiring scienter and making the commission of an offense thereunder a misdemeanor, is in conflict with Section 2905.34, Revised Code, requiring scienter *395 and making the same offense a felony, and is a nullity under the decision of this court in the case of City of Cleveland v. Betts, 168 Ohio St., 386, 154 N. E. (2d), 917. This contention comes too late. We find ourselves in substantial accord with the “conclusions of law” of the Court of Appeals herein, which states:
“The statutes of Ohio having conferred jurisdiction on the Municipal Court of Cincinnati to hear violations of ordinances of the city of Cincinnati, Ohio, the said court having assumed such jurisdiction, and having found the relator guilty of a violation of city of Cincinnati ordinance No. 90143, and the judgment of the said Municipal Court having been affirmed by the Court of Common Pleas of Hamilton County, Ohio, this Court of Appeals and the Supreme Court of Ohio, which denied the relator his appeal as of right and his motion to certify the record, and only the performance of a ministerial act by the Municipal Court of Cincinnati remaining, this court finds that the writ of prohibition does not lie in this case.” Compare State (ex rel. Devine, Pros. Atty.) v. Harter, Judge, 167 Ohio St., 51, 146 N. E. (2d), 437.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taut, Matthias, Bell, Herbert and Peck, JJ., concur.